Lamin v Lamin (2021 NY Slip Op 03663)





Lamin v Lamin


2021 NY Slip Op 03663


Decided on June 10, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 10, 2021

Before: Manzanet-Daniels, J.P., Gische, Oing, Shulman, JJ. 


Index No. 303926/15 Appeal No. 14051 Case No. 2021-00440 

[*1]Riqueza Feaster Lamin, Plaintiff-Respondent,
v
Jason Lamin, Defendant-Appellant.


Schwartz Sladkus Reich Greenberg Atlas LLP, New York (Matthew C. Kesten of counsel), for appellant.
Law Office of Matthew H. Ehrlich, LLP, New York (Matthew H. Ehrlich of counsel), for respondent.



Order, Supreme Court, New York County (Lori S. Sattler, J.), entered on or about August 4, 2020, which, to the extent appealed from as limited by the briefs, granted plaintiff wife's motion to hold defendant husband in contempt for failing to pay the child's add-on expenses for education and summer camp only to the extent of directing defendant to pay plaintiff the defaulted expenses, plus attorneys' fees, unanimously affirmed, without costs.
This appeal is defendant's belated attempt to relitigate the choice of school for the child nearly four years after she was first enrolled there. The dispute over the child's school, as described by defendant, took place in late 2016 and early 2017 and either preceded or was contemporaneous with the signing of the custody stipulation in December 2016. There is no indication in the record that at any time during the divorce proceedings defendant alerted the court to his objection to plaintiff's choice of school or to the fact that the parenting coordinator was not able to help the parties resolve the issue, as provided for in the stipulation. Moreover, 2½ years later, defendant signed a financial stipulation in which, with full knowledge that she had been enrolled in that school for two academic years, he agreed to pay 25% of the child's school tuition. As indicated, there is no record of defendant's seeking the court's intervention to resolve his standing objection.
The parties agree that the decision regarding summer camp is also subject to the 2016 Custody Stipulation protocol. Neither party, however, followed the protocol and each engaged in self help. In 2019 the mother unilaterally enrolled the child in the same camp program that she had been attending for the last two years. It was a 6-8 week program. In late June of 2019 appellant objected to the camp enrollment and suggested an alternative two week camp. He did not seek any remedy available under the 2016 Custody stipulation to resolve this dispute, he simply withheld the payment. Under these circumstances, the motion court in deciding whether respondent was responsible for his share of camp expenses, properly considered whether the 2019 camp enrollment was an appropriate choice for the child. Contrary to appellant's argument, this conclusion is not a matter of whether he waived his opposition to camp. Because the parties could not agree on whether the camp choice was correct, the court necessarily considered and properly concluded that because the child had attended the camp for multiple years, it was the right choice in 2019. Respondent was, therefore, entitled to reimbursement for the cost.
The award of attorneys' fees to the wife was proper pursuant to the terms of the financial stipulation.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 10, 2021